United States District Court
Southern District of Texas
**ENTERED**
October 06, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CARLOS LORIS LENGUA,<br>*Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 4:26-cv-03261 |
| | § | |
| FIELD OFFICE DIRECTOR, ET AL.,<br>*Defendants*. | § | |

**JUDGE PALERMO'S**
**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's motion to reinstate his naturalization complaint. ECF No. 14.[1] Plaintiff requests that the Court reinstate his complaint so it may review and/or replace USCIS's denial of Plaintiff's application for naturalization. ECF No. 14. Defendant opposes and argues that the Court ordered that this matter may only be reinstated for USCIS's failure to timely adjudicate Plaintiff's application pursuant to 8 U.S.C. § 1447, not for review or replacement of an unfavorable decision. ECF No. 19. Because the Court's order clearly states that this matter may only be reinstated for failure to timely adjudicate, which USCIS complied with, Plaintiff's request should be denied.

[1] The district judge assigned to this case referred all pretrial proceedings. Referral Order, ECF No. 21.

## I. BACKGROUND

Plaintiff filed his complaint on April 22, 2026, alleging that USCIS failed to adjudicate his application for naturalization within 120 days of his naturalization interview, so under 8 U.S.C. § 1447(b), the Court should either "review his application for naturalization *de novo* and either adjudicate or remand to the USCIS with an Order that his application be adjudicated." ECF No. 1 at 2. A couple months later, Defendant filed an unopposed motion seeking remand of Plaintiff's naturalization application "to allow USCIS to evaluate Plaintiff's application. ECF No. 12 at 2.

On June 30, 2026, the Court granted the agreed motion to remand and entered an order of dismissal, ordering that "[t]his case is remanded to USCIS for adjudication of Plaintiff's naturalization application. The Clerk is ordered to close this case. Plaintiff may petition the Court to reopen or reinstate its Petition if USCIS fails to timely review and adjudicate Plaintiff's naturalization application." ECF No. 13.

On July 14, 2026, Plaintiff filed the instant motion to reinstate his complaint. ECF No. 14. In his motion, Plaintiff argued that USCIS improperly denied his naturalization application and therefore, because the Court allegedly still has jurisdiction over these proceedings, the Court should reinstate Plaintiff's complaint and adjudicate Plaintiff's application itself. ECF No. 14. Defendant responds that

the Court's Order clearly says that Plaintiff may file a motion to reinstate only if "USCIS fails to timely review and adjudicate Plaintiff's naturalization application," not if Plaintiff is dissatisfied with his adjudication decision. ECF No. 19. In other words, the Court had limited jurisdiction to address the timeliness of the adjudication of Plaintiff's application, not to review an unfavorable decision. ECF No. 19.

## II. PLAINTIFF'S MOTION SHOULD BE DENIED.

Petitions for naturalization "are initially under the sole jurisdiction of the CIS, which has the power to grant or deny naturalization to an alien applicant." *Agarwal v. Napolitano*, 663 F. Supp. 2d 528, 532 (W.D. Tex. 2009) (citing 8 U.S.C. § 1421(a) ("The sole authority to naturalize persons as citizens of the United States is conferred upon the Attorney General.")). "After this initial period of CIS jurisdiction, a district court may obtain jurisdiction over a petition either by way of appeal from an unfavorable agency decision, 8 U.S.C. § 1421(c) or, in cases where the agency has not acted on an application within 120 days of the alien's in-person interview, by way of a suit filed under 8 U.S.C. § 1447(b)." *Id.*

Rather than invoke §1421, Plaintiff's complaint alleged that the "Court has jurisdiction pursuant to INA § 336(b), 8 U.S.C. § 1447(b). These confer jurisdiction[] over naturalization applications where there has been a delay of over 120 days after the naturalization interview." ECF No. 1 at 3. 8 U.S.C. § 1447(b) states that:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may *either* determine the matter *or* remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447 (emphasis added).

Here, the Court ordered the latter, remanding this case to USCIS for adjudication—as the parties had agreed. The order narrowly permitted reinstatement "if USCIS fails to timely review and adjudicate Plaintiff's naturalization application." ECF No. 13. As laid out above, this is in line with § 1447's directive. Notably, § 1447 does not permit a district court to remand the case for adjudication by USCIS *and* adjudicate the matter if USCIS denies the application. There is no authority pursuant to the Court's order and the Plaintiff has failed to demonstrate any other authority for the Court to reopen proceedings to review or replace USCIS's denial.

Importantly, Plaintiff's opportunity for judicial or administrative review is not foreclosed. *Sanchez v. United States Citizenship Immigration Services*, No. 5:25-CV-93, 2025 WL 3214785, at *4 (S.D. Tex. Nov. 18, 2025). "If USCIS denies Plaintiff's application, Plaintiff 'may request a hearing before an immigration officer.'" *See id.* (quoting 8 U.S.C. §1447(a)). "If that hearing does not alter the outcome, Plaintiff 'may seek review of such denial before the United States district

court.'" *See id.* (quoting 8 U.S.C. § 1421(c); citing *Saba-Bakare v. Chertoff*, 507 F.3d 337, 340 (5th Cir. 2007)). "At that point, Plaintiff would be entitled to *de novo* review of his application." *See id.* (citing *Kaliuzhna*, 2019 WL 13136762, at *3).

Accordingly, Plaintiff's motion should be denied.

## III. CONCLUSION

Based on the above, the Court **RECOMMENDS** that Plaintiff's motion to reinstate his petition for hearing on naturalization be **DENIED**. ECF No. 14.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

Signed at Houston, Texas, on October 6, 2026.

Dena Palermo

**Dena Hanovice Palermo**
**United States Magistrate Judge**